**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**

| | |
|---|---|
| PACIFIC LIFE<br>INSURANCE COMPANY,<br><br>*Interpleader Plaintiff*,<br><br>v.<br><br>AMANDA HIGGINS, individually and as Administrator of the ESTATE OF SANDRA L. SALAZAR; and JASON SALAZAR,<br><br>*Interpleader Defendants*. | **Case No. 3:26-cv-00176-JM** |

**ORDER**

Upon consideration of Interpleader Plaintiff Pacific Life Insurance Company's ("Pacific Life") Motion for Deposit of Annuity Proceeds, Discharge of Liability, Injunctive Relief, Dismissal With Prejudice, and for Reasonable Attorneys' Fees and Costs (the "Motion"), as well as the positions of Pacific Life and Interpleader Defendant Amanda Higgins, individually and as Administrator of the Estate of Sandra L. Salazar, presented at the hearing before this Court on October 6, 2026, and good cause appearing therefor, IT IS HEREBY ORDERED that the Motion is granted, and IT IS FURTHER ORDERED as follows:

1. Within twenty (20) business days after the entry of this Order, Pacific Life shall deposit the death benefit of Annuity Contract No. FX23475402 (the "Annuity") in the amount of $807,802.29, less Pacific Life's reasonable attorneys' fees and costs of $7,733.50, in the total amount of $800,068.79 (the "Annuity Proceeds") into the Court's Registry, and the Clerk of Court shall deposit said Annuity Proceeds into an interest-bearing account.

2. Upon Pacific Life's deposit of the Annuity Proceeds into the Registry of the Court as described above in Paragraph 1, Pacific Life shall be dismissed from this action *with prejudice*,

and Pacific Life shall additionally be discharged from any and all further liability with respect to, affecting, or in any way arising out of the Annuity and/or the Annuity Proceeds.

3. Upon Pacific Life's deposit of the Annuity Proceeds into the Registry of the Court as described above in Paragraph 1, Interpleader Defendant Amanda Higgins, individually and as Administrator of the Estate of Sandra L. Salazar, and Jason Salazar (collectively, the "Interpleader Defendants"), and anyone acting on behalf of any of the Interpleader Defendants, shall each be permanently enjoined from instituting or prosecuting any other proceeding, arbitration, or lawsuit against Pacific Life, or any of Pacific Life's parent companies, affiliates, agents, predecessors, successors, administrators, or assigns, with respect to the Annuity, the Annuity Proceeds, and/or any and all claims that were or could have been raised in this action against Pacific Life.[1]

4. Within twenty (20) business days after the entry of this Order, Pacific Life shall produce to the Interpleader Defendants the non-privileged portion of its file for the Annuity, and in connection with this production, Pacific Life shall also provide to the Interpleader Defendants an authenticating business record declaration compliant with Fed. R. Evid. 803(6).

5. The Interpleader Defendants shall continue to assert their claims to the Annuity Proceeds.

6. Upon Pacific Life's deposit of the Annuity Proceeds into the Registry of the Court as described above in Paragraph 1, this lawsuit shall be STAYED pending the determination in the State Court Action regarding which Interpleader Defendant(s) is entitled to the Annuity Proceeds. The Interpleader Defendants shall notify this Court within twenty (20) days of the resolution of

[1] Nothing in this Order shall be construed as limiting or prohibiting the ability of the Interpleader Defendants to continue to assert their claims and defenses in Case No. 61CV-26-110, styled *Amanda Higgins v. Jason Salazar*, currently pending in the Circuit Court of Randolph County, Arkansas (the "State Court Action").

this issue in the State Court Action, in order to proceed with the disbursement of the Annuity Proceeds and disposition of this lawsuit.

7. Amanda Higgins has represented and warranted, in her capacity as Administrator of the Estate of Sandra L. Salazar (the "Estate"), that the Estate makes no claim of entitlement to the Annuity and/or the Annuity Proceeds. Accordingly, upon Pacific Life's deposit of the Annuity Proceeds into the Registry of the Court as described above in Paragraph 1, the Estate shall be DISMISSED as a party to this lawsuit.[2]

In conclusion, the Motion to Dismiss filed by Amanda Higgins (Dkt. No. 7) and the Motion to Deposit Funds (Dkt. No. 13) are GRANTED. Upon Pacific Life's deposit of the Annuity Proceeds into the Registry of the Court this lawsuit shall be STAYED.

SO ORDERED this 20th day of October, 2026.

Hon. James M. Moody, Jr.
United States District Judge

[2] Notwithstanding this dismissal, the Estate is subject to the injunction set forth above in Paragraph 3.